T.C. Summary Opinion 2016-54

UNITED STATES TAX COURT

DONALD NATHANIEL COOPER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25081-14S.                    Filed September 7, 2016.

Donald Nathaniel Cooper, Jr., pro se.

<u>Scott A. Hovey</u>, for respondent.

SUMMARY OPINION

CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner resided in Maryland at the time he filed the petition.

Respondent issued a notice of deficiency (2011 notice) to petitioner for his taxable year 2011. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's Federal income tax (tax) for his taxable year 2011 of $6,262 and $1,252.40, respectively. Respondent based those deficiency and penalty determinations on respondent's determinations in the 2011 notice, inter alia, to disallow petitioner's claimed alimony deduction of $24,567 and to impose an accuracy-related penalty under section 6662(a).[2]

Some time after petitioner filed the petition and before he had a telephone conference with a representative (Appeals officer) of the Internal Revenue Service's (IRS) Appeals Office (Appeals Office) around February 10, 2015, the IRS erroneously assessed (2011 erroneous assessment) the deficiency in tax and the accuracy-related penalty under section 6662(a) that respondent had determined in the 2011 notice as well as interest thereon for his taxable year 2011. Because of

---

[2]The only other determination that respondent made in the 2011 notice is a correlative or computational determination that respondent made to so-called excess miscellaneous expenses that petitioner claimed in Schedule A, Itemized Deductions. That determination will be resolved by our resolution of the issue presented.

the 2011 erroneous assessment, the IRS erroneously informed petitioner in a letter dated December 1, 2014, that the total amount due which he owed for his taxable year 2011 was $8,130.84.

Thereafter, around February 10, 2015, petitioner had a telephone conference with the Appeals officer, in which petitioner conceded that he is not entitled to the alimony deduction that he had claimed for his taxable year 2011.[3]  During that conference, the Appeals officer informed petitioner that in approximately two to three weeks the IRS would send him certain documents that were to reflect the agreement that petitioner and the Appeals Office had reached with respect to his taxable year 2011.

At some time between December 1, 2014, and February 23, 2015, the IRS became aware of its 2011 erroneous assessment and abated it (abatement), except for a de minimis portion, i.e., $11.03, that the IRS erroneously did not abate (unabated 2011 erroneous assessment).  Thereafter, the IRS informed petitioner in a letter dated February 23, 2015, that the amount due which he owed for his taxable year 2011 was $11.03.

---

[3]Petitioner does not dispute here that he is not entitled to the alimony deduction that he had claimed for his taxable year 2011.  See supra note 2.

Although his position is not altogether clear, as we understand petitioner's position, he believes that, except for the unabated 2011 erroneous assessment of $11.03, respondent conceded the deficiency and the accuracy-related penalty determined in the 2011 notice. In support of his position, petitioner appears to be arguing that the IRS' 2011 erroneous assessment and its subsequent abatement of all but $11.03 of that erroneous assessment, as set forth in the IRS' letters dated December 1, 2014, and February 23, 2015, respectively, confused him and led him to believe that, except for $11.03, respondent had conceded the deficiency and the accuracy-related penalty determined in the 2011 notice. Consequently, petitioner appears to maintain that the only amount due which he owes for his taxable year 2011 is $11.03, the amount shown due in the IRS' letter dated February 23, 2015.

We understand and appreciate petitioner's confusion when, shortly after he had had a telephone conference with the Appeals officer, he received the IRS' letter dated February 23, 2015, in which the IRS informed him that the amount due which he owed for his taxable year 2011 was $11.03. Nonetheless, the record before us leaves no doubt that petitioner conceded the determinations in the 2011 notice. The record also leaves no doubt that the IRS' letter dated February 23, 2015, while confusing to petitioner, did not indicate, and may not be construed to mean, (1) that, except for $11.03, respondent conceded the deficiency and the

accuracy-related penalty determined in the 2011 notice and (2) that the tax due as a result of that alleged concession, which petitioner owes for his taxable year 2011, is only $11.03.

On the record before us, we sustain respondent's determinations in the 2011 notice.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.